Christine Stickley, WSB# 6-3533
GORDON REES SCULLY MANSUKHANI, LLP
515 E. Ivinson, Suite 108
Laramie, WY 82070
Telephone: (307) 365-6741
Facsimile: (307) 222-7825
cstickley@grsm.com
**Attorneys for PKM Steel Service, Inc.**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF PKM STEEL SERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONTI FEDERAL SERVICES, LLC <br><br> and <br><br> TRAVELERS CASUALTY AND SURETY COMPANY <br><br> Defendants. | CIVIL ACTION NO. _____ |

**COMPLAINT**

COMES NOW Plaintiff, the United States of America for the Use and Benefit of PKM Steel Service, Inc. and PKM Steel Service, Inc. ("PKM"), and for its Complaint against Conti Federal Services, LLC ("Conti") and Travelers Casualty and Surety Company ("Travelers") states as follows:

**PRELIMINARY STATEMENT – NON-WAIVER OF ARBITRATION**

This action is brought by the United States for the Use and Benefit of PKM, a steel fabricator and subcontractor that, *inter alia*, furnished and delivered structural steel to Conti, the general contractor, for work on the project known as the Consolidated HELO/OPS and Alert Facility at the Francis E. Warren Airforce Base in Wyoming ("Project"). A payment bond was furnished by Conti pursuant to a subcontract agreement with PKM in relation to the Project. PKM has performed the work as specified by the Owner and/or the work has been accepted, but PKM has not been paid all sums due and owing by Conti. Accordingly, PKM brings this action pursuant to the Miller Act, 40 U.S.C. §§ 3131 *et seq.* for the recovery of unpaid sums due and owing to it by Conti. Nothing in this pleading shall be deemed a waiver of the arbitration agreement between PKM and Conti, and PKM intends to pursue its claims against Conti in the pending Arbitration with AAA at case No. 01-24-0008-6786.

## THE PARTIES, JURISDICTION, AND VENUE

1. PKM is a Kansas corporation with its principal place of business located at 228 E. Ave. A, Salina, Kansas 67402.

2. Defendant, Travelers is an insurance company with its principal place of business located at One Tower Square Hartford, Connecticut 06183.

3. Defendant Conti is a Florida limited liability company with its principal place of business located at 11486 Corporate Boulevard, Suite. 120 Orlando, Florida 32817

4. PKM contracted with Conti by a written Subcontract Agreement on or about October 3, 2022 (Subcontract Number: 2152500/05-1200.M-FE)(the "Subcontract") for the Project. A true and correct copy of the Subcontract is attached hereto as **Exhibit 1.**

5. Pursuant to the Subcontract and the Miller Act, Conti executed a payment bond identified as number 107693011 ("Bond") for the persons supplying labor or materials for the Project. A true and correct copy of the Bond is attached hereto as **Exhibit 2**.

6. This Court may exercise personal jurisdiction over Travelers because it is licensed to do business in Wyoming, as set forth in Exhibit 2.

7. This Court may also exercise personal jurisdiction over Travelers to the extent service is had on its respective appointed registered agents in the forum state and because of its continuous and systematic contacts with the forum bear a discernable relationship to Conti. For example, their contracts with Conti give rise to PKM's claims, such that the exercise of jurisdiction comports with notions of fair play and substantial justice.

8. This Court has subject-matter jurisdiction because the Complaint raises a federal question in that the Owner of the construction Project giving rise to this cause of action is the United States of America and the Project is governed by 40 U.S.C. § 3133(b) ("Miller Act") and 28 U.S.C. § 1352.

9. This Court has supplemental jurisdiction for PKM's questions of state law, to the extent that they may arise, pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court because the Owner of the construction Project, which gives rise to this action, was an agency of the United States Government, and said Project was performed in Laramie County, Wyoming outside of the United States, and Traveler's, the principal obligor of the bond securing PKM's right to be paid under the Miller Act and 28 U.S.C. § 1352.

11. PKM fabricated and delivered the structural steel according to the requirements in the Subcontract.

12. Notwithstanding PKM's performance, Conti refuses to pay PKM for amounts due and owing for the structural steel, the total of which is at least $1,500,000.

13. The Parties' respective claims against each other are currently pending before an arbitration panel pursuant to a valid arbitration provision set forth in the express language of the Subcontract. PKM does not waive its right to pursue its claims pending in arbitration with Travelers or any other Party set forth herein or that may otherwise be brought into this action , but rather expressly reserves its rights to pursue its claims in the pending arbitration with AAA at case No. 01-24-0008-6786.

## PAYMENT BOND CLAIM

14. PKM restates and reiterates each and every preceding allegation as if specifically set forth herein.

15. Pursuant to the Subcontract and the Miller Act, Conti was obligated to furnish a payment bond in the amount of 100% of the contract price, $11,648,793.00. The Bond exists to ensure payment of all labor and materials provided to the Project.

16. The Bond provides that the Principal and Surety are

firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where Sureties are corporations acting as co-sureties, we, Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any of us. For all other purposes, each Surety binds itself, jointly and severally to the Principal, for payment of the sum shown opposite the new of the Surety. If not limit is indicated, the limit of liability is for the full amount of the penal sum.

Exhibt 2.

17. The Bond further provides

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a Subcontractor of the Principal

for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that are subsequently made. Notice of those modifications to the Surety(ies) are waived.

*Id*.

18. PKM supplied structural steel to the Project and satisfied all conditions precedent to receive payment.

19. Conti does not dispute that PKM's outstanding base contract sum is **$285,804.11** ("Base Contract Sum").

20. A breakdown of the Base Contract Sum is set forth below:

| | |
|---|---|
| Contract Sum | $11,648,793.00 |
| Executed Changes | $170,384.00 |
| Credits | ($13,234.00) |
| Catwalk Deduction | ($362,018.00) |
| Payment | ($11,158,120.89) |
| Base Contract Sum | $285,804.11 |

21. In addition, Conti directed PKM to perform change orders, which Conti approved in the amount of **$96,225.22 ("Approved Changes")**. A breakdown of those change orders is below:

| | | |
|---|---|---|
| 8 | SEQ 9 TRUSS REVISIONS | $12,632.82 |
| 14 | REVISED VLFD DOOR LAYOUT RFI #97 RESPONSE | $4,651.21 |
| 39 | VLFD ROPE HOLE LOCATIONS REVISED SEQ 13,20,28,35 | $3,462.00 |
| 38 | DETAILING FOR ADDITIONAL BOLLARDS | $1,978.60 |
| 35 | RFI 0097 PKM RFI #168 FIELD WORK DRAWINGS | $3,957.19 |
| 36 | SEQ 9, 11, 18, 21 TRUSS BOTTOM CHORD CONNECTION CHANGE | $3,957.19 |
| 41 | REINFORCEMENT PLATES HSS 5X5 ADDED PER RFI #121 RESPONSE SEQ'S 15,17,24,29,32 | $55,335.82 |
| 42 | SEQ 32 & 36 LOUVER AND DUCT OPENING REVISED DIMENSIONS | $3,738.35 |
| 43 | CHANGED WT TO JOIST CONNECTIONS SEQ 12, 19 & 25 | $2,473.25 |
| 34 | SEQ 19 FALL ARREST BEAMS | $2,060.19 |
| 40 | RFI 075 PKM#147 -Q2 RESPONSE JAMB BOTTOM CHORD&GIRT REVISED SEQ 31 | $1,978.60 |

22. In addition, PKM submitted change order requests arising out of Project delays outside of PKM's control, the change from shop primer to zinc rich primer, and breakaway anchor detailing costs totaling over **$1,500,000.00 ("Pending Changes")**.

23. PKM issued a demand for arbitration against Conti, and disputes are currently pending between PKM in Conti before an AAA Arbitration Panel.

24. PKM has not been paid for the labor and materials it provided to the Project.

25. Upon information and belief, Conti did not issue a written notice of withholding to the Contracting Officer pursuant to FAR 52.232-27(g) which requires:

> Written notice of subcontractor withholding. The Contractor shall issue a written notice of any withholding to a subcontractor (with a copy furnished to the Contracting Officer), specifying-
> (1) The amount to be withheld;
> **(2) The specific causes for the withholding under the terms of the subcontract; and**
> **(3) The remedial actions to be taken by the subcontractor in order to receive payment of the amounts withheld.**

26. PKM is owed $1,747,277.49 exclusive of interest, costs, and attorneys' fees, for the materials it furnished for the Project:

| | |
|---|---|
| PKM's Claim Base Contract Amount | $285,804.11 |
| Approved Change Orders | $96,225.22 |
| Pending Changes - Disputed by Conti | $1,365,248.16 |
| **Total** | **$1,747,277.49** |

27. The amounts owed to PKM have been due and owing for more than 90 days.

28. Conti had actual notice that within 90 days of PKM furnishing the materials under the Subcontract, Conti failed to pay PKM, in full, for those materials.

29. PKM provided timely invoices to Conti for materials PKM furnished and requested payment for same.

30. Beginning as early as January 13, 2023, PKM notified Conti on numerous occasions that Conti's protracted delays in providing critical design revisions, shop drawings, Requests for Information, *inter alia*, caused PKM to lose money on this and other projects. (*See* email correspondence attached hereto as "**Exhibit 3**.").

31. Conti acknowledges these delays and the Parties held several meetings during that period; at no point did Conti object to or refute any allegations of delay or otherwise claim the charges by PKM were invalid. (*Id*.).

32. Furthermore, PKM submitted valid change orders that Conti promised—but failed –to pay.

33. Accordingly, Conti had actual notice that PKM furnished materials for which it had not been paid

34. Alternatively, because PKM provided the invoices requesting payment within 90 days of PKM furnishing the materials to the Project it has a reasonable good faith belief that Conti had actual notice that PKM furnished materials for which it had not been paid.

35. This action is filed within one year from the date on which PKM furnished materials to the Project.

36. PKM has satisfied the conditions of the Bond and is, therefore, entitled to enforce the obligations therein by receiving a judgment against Surety in the amount of at least $1,500,000.

37. Pursuant to the Miller Act, PKM is likewise entitled to judgment on the obligations set forth in the Bond because it has satisfied the conditions stated on the bond and substantially complied with those provided by the Miller Act. Accordingly, PKM is additionally entitled to judgment on the Bond under the Miller Act against the Surety in the amount of at least $1,500,000.

**PRAYER FOR RELIEF**

WHEREFORE, PKM prays this Court enter judgment in its favor and against Defendant, Travelers, including, without limitation:

    **A.**    Judgment against Travelers for the principal sum of at least $1,500,000;

    **B.**    Pre-judgment and post-judgment interest;

    **C.**    Attorneys' fees and costs; and

    **D.**    All other relief that this Court deems proper.

Dated: July 24, 2025

                                                                By:    /s/ Christine Stickley
                                                                          Christine Stickley, WSB# 6-3533
                                                                          Gordon Rees Scully Mansukhani, LLP
                                                                          515 E. Ivinson, Suite 108
                                                                          Laramie, Wyoming 82070
                                                                          cstickley@grsm.com
                                                                          (307) 365-6742
                                                                          ***Counsel for Plaintiff, PKM Steel Service, Inc.***